| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael R. Totaro    102229 <br> Totaro & Shanahan <br> P.O. Box 789 <br> Pacific Palisades, CA 90272 <br> (310) 573-0276 (v) <br> (310) 496-1260 (f) <br><br><br><br><br><br> ☑ *Attorney for Debtor(s)* <br> ☐ *Debtor(s) appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** SANTA BARBARA     **DIVISION**

| In re: <br><br> Cloud 9 Vineyards, LLC, <br><br><br><br><br><br><br><br> Debtor(s). | CASE NO.: 9:11-bk-11597-RR <br> CHAPTER: 11 <br><br> **NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)** <br><br><br> [No hearing unless requested in writing] |
|---|---|

## TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST.  PLEASE TAKE NOTICE THAT:

1.  Movant(s) Debtor_____ , has filed a motion entitled Notice of Application and Application to Employ
    Law Offices of Totaro & Shanahan as General Insolvency Counsel

2.  Movant(s) is requesting that the court grant the motion without a hearing, as provided for in LBR 9013-1(o).

3.  The motion is based upon the legal and factual grounds set forth in the Motion and briefly described in the attached
    Description of Relief Sought. (*Check appropriate box below*):

    ☑ The full motion is attached hereto; or
    ☐ The full motion has been filed with the court, and a detailed description of the relief sought is attached hereto.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to
    LBR 9013-1(o), any party objecting to the motion may request a hearing on the motion. The deadline for filing and
    serving a written opposition and request for a hearing is 14 days after the date of service of this notice, plus an

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                    Page 1                        **F 9013-1.2.NOTICE.NO.HEARING**

additional 3 days unless the notice of motion was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B). If you fail to comply with this deadline, the court may treat such failure as a waiver of your right to oppose the motion and may grant the motion without further hearing and notice.

Date: 4/11/2011

Respectfully submitted,

By: _____
Signature of Movant or Attorney for Movant

Name: Michael R. Totaro
Printed Name of Movant or Attorney for Movant

1 | **Michael R. Totaro        102229**
**Totaro & Shanahan**
2 | **P.O. Box 789**
**Pacific Palisades, CA 90272**
3 | **(310) 573-0276 (v)**
**(310) 496-1260 (f)**
4 |
5 | **Attorneys for Debtors/Debtors in Possession**
6 |
7 |
8 |                **UNITED STATES BANKRUPTCY COURT**
9 |      **CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DISTRICT DIVISION**
10 | **In re**                                    **CASE NO. 9:11-bk-11597-RR**
11 |    **Cloud 9 Vineyards, LLC**                **Chapter 11**
12 |        **Debtor/Debtor in Possession.**      **NOTICE OF APPLICATION AND**
**APPLICATION OF DEBTOR AND DEBTOR**
13 |                                              **IN POSSESSION TO EMPLOY LAW**
**OFFICES OF TOTARO & SHANAHAN AS**
14 |                                              **GENERAL INSOLVENCY COUNSEL;**
**DECLARATIONS IN SUPPORT THEREOF**
15 |
16 |                                              **[NO HEARING REQUESTED-LBR -9013-1 (o)]**

TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE AND ALL
INTERESTED PARTIES:

Cloud 9 Vineyards, LLC, the Debtor and Debtor in possession in the above
captioned case, seeks an order approving its retention of Michael R. Totaro ("Totaro")
and the Totaro & Shanahan, (the "Firm"), as general insolvency counsel pursuant to 11
U.S.C. section 328, effective April 6, 2011 and in support of this motion represents:

1.       The present case was filed on April 6, 2011 as a Voluntary Chapter 11 case.
The Debtor remains in possession of the property and estate as debtor in possession as no
trustee has been appointed. Since the commencement of this case Debtor, through its
managing member, has continued to manage the company affairs as debtor in possession
pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.    It is necessary for Debtor/Debtor in Possession to engage the services of experienced insolvency counsel to ensure it receives adequate legal advice and representation in this bankruptcy case.

3.    Debtor has selected and retained Michael R. Totaro ("Totaro") and the firm of Totaro & Shanahan ("the Firm") to represent it in this bankruptcy proceeding. Mr. Totaro is admitted to practice before this Court and has considerable experience in bankruptcy matters and is well-qualified to represent Debtors in this chapter 11 case. Mr. Totaro will be primarily responsible for the firm's representation in this chapter 11 case.

4.    The Firm has agreed to be compensated on a flat fee basis in the amount of $16,000.00 which covers all pre-petition and post petition services including the filing fee of S1039.00 and costs. The parties have signed a flat fee agreement for this amount and the Firm represents there will be no further billing.

5.    Among other services, Debtor will require legal services to be rendered by Totaro and the Firm in this case in the following areas, all of which are included in the prepetition flat fee paid by Debtor, including but not limited to:

a.    Pre-petition counseling, meetings, discussion concerning the filing of a chapter 11 case and debtor's rights and responsibilities as a chapter 11 debtor in possession, including the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the United States Trustee Guidelines;

b.    Document preparation and personal attendance at all hearings, included but not limited to the Initial Debtor Interview ("IDI"), the meeting of creditors pursuant to Bankruptcy Code section 341(a) or any continuance thereof, all status conferences, and all hearings on motions, the disclosure statement and plan;

c.    Negotiations with secured and unsecured creditors regarding the amount and payment of their claims;

1     d. Consultation with Debtor concerning documents needed and reports

2 to be prepared;

3     e. Assistance in preparation of 7 day compliance package for United

4 States Trustee;

5     f. Discussions with Debtor concerning the Disclosure Statement and

6 plan of reorganization;

7     g. Preparation of the Disclosure Statement and Chapter 11 Plan of

8 Reorganization and any amendments/changes to the same;

9     h. Submission of ballots to creditors, tally of ballots and submission to

10 the Court;

11     i. Response to any objections to disclosure statement and/or plan;

12     j. Negotiations with creditors as to values, etc and the plan of

13 reorganization;

14     k. Response to any motions for relief from stay, motions to dismiss or

15 any other motions or contested matters;

16     l. Preparation, submission and prosecution of any adversary

17 proceedings that may be necessary to the case including but not limited to determining

18 the value of real property as collateral and extinguishing unsecured liens on real property;

19     m. If necessary, preparation of formal objections with respect to claims

20 asserted;

21     n. Opposition to any motions sought by trustee, court and/or creditors;

22     o. Defense or prosecution of any adversary proceedings that arise

23 during the bankruptcy period except for any proceedings based on fraud;

24     p. Any other matter that arises during the administration of this chapter

25 11 case.

26   6. Mr. Totaro and the Firm do not have any connections with the Debtor, the

27 creditors, any party in interest, their respective attorneys and accountants or with the

28

1    Office of the United States Trustee except that Totaro and the Firm may have been

2    adversaries to some of debtor's creditors and/or the attorneys who may ultimately

3    represent them. Mr. Totaro and the Firm do not represent any interests adverse to the

4    estate and the Firm is a disinterested person as defined in 11 U.S.C. § 101(14) and 11

5    U.S.C. § 327(a) as is more specifically set forth in the Declaration of Michael R. Totaro.

6        7.        The services of the Firm are in the best interests of the estate. Debtor

7    believes that it is essential that counsel be employed to represent it in the present case.

8        8.        The Firm consists of two attorneys and a paralegal. The attorneys are

9    familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local

10    Bankruptcy Rules, and will comply with them. Both attorneys are duly admitted to

11    practice law before the Courts of the State of California and before the United States

12    District Court for the Central District of California, the Ninth Circuit Court of Appeals

13    and the United States Supreme Court. Although this is a flat fee agreement, if the

14    attorneys, both partners in the Firm would bill hourly it would be at the rate of $400.00

15    per hour. The Firm's paralegal would bill at the rate of $75.00 per hour.

16        9.        No promises have been made by the Firm or any principal or associate in

17    connection with this case and its outcome and the Firm has no agreement with any other

18    entity to share any compensation received by the Firm in connection with the case.

19        **WHEREFORE**, Debtor/Debtor in Possession respectfully request that it, through

20    its managing member, be authorized and empowered to employ Michael R. Totaro and

21    the Firm as counsel to aid in these proceedings, and for such other and further relief as

22    the Court may deem proper under the circumstances.

23    Dated: April 11, 2011                          Totaro & Shanahan

24

25                                                     By

26                                                          Michael R. Totaro
                                                            Attorneys for Debtor/Debtor in
27                                                          Possession

28

                                                 4

1

2   Reviewed and approved:

3   Dated: April 11, 2011

4                                                      Joseph Risi

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF JOSEPH RISI

I, Joseph Risi, declare:

1.      I am the managing member of Debtor and Debtor in the above entitled chapter 11 bankruptcy case. As such I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

2.      On April 6 2011, Debtor filed a voluntary petition for reorganization under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      It was necessary to engage the services of experienced insolvency counsel to ensure Debtor receives adequate legal advice and representation in this chapter 11 bankruptcy case.

4.      As managing member I am authorized to and did select Michael R. Totaro ("Totaro") and the Law Offices of Totaro & Shanahan (the "Firm") to be bankruptcy counsel to represent Debtor before the Bankruptcy Court and to perform legal services on its behalf. I selected Totaro and the Firm because Mr. Totaro has considerable experience in all aspects of bankruptcy law as well as other areas of law that may become relevant during the pendency of this case.

5.      Prior to filing the chapter 11 bankruptcy we discussed Debtor's situation and the various bankruptcy chapters with Mr. Totaro and in particular the pros and cons of a chapter 11 bankruptcy. Based on that and the advice of counsel, Debtor decided to file this chapter 11 proceeding and retained Mr. Totaro and the Firm to represent it in these proceedings.

6.      Prior to retaining the services of Mr. Totaro and the Firm, as managing member of Debtor, I signed a flat fee agreement which provided for a one-time payment of $16,000.00 to the Firm. The fee included the $1039 filing fee and costs for the chapter 11 case and in return the Firm agreed to perform the services set forth in the motion to employ counsel. As managing member, I arranged for my family and myself individually to pay the attorney's fees which have in fact been paid. There is no conflict of interest as

1    to this payment by myself and my family as there is no expectation of repayment and as

2    managing member my interests are the same as Debtor. It is my understanding that the

3    fee includes all services related to the bankruptcy proceeding and the only instance where

4    additional fees could be charged by Mr. Totaro and the Firm is if an adversary proceeding

5    was filed against us based on fraud.

6        7.    Mr. Totaro & the Firm have always been available to consult in this matter

7    and have provided legal advice and services in this case. They continue to remain

8    available and respond promptly to my questions and concerns.

9        I declare under penalty of perjury that the foregoing is true and correct. Executed

10    on April 11, 2011 at Scottsdale, AZ.

Joseph Risi / Meniter

Cloud 9 Vineyards, LLC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

2

## DECLARATION OF MICHAEL R. TOTARO

3      I, Michael R. Totaro, declare:

4      1.      I am an attorney at law duly licensed to practice before this court and all

5      state and federal courts in California and a partner in the law firm of Totaro & Shanahan,

6      attorneys of record for debtor/debtor in possession in this case. I have personal

7      knowledge of the following facts and if called as a witness I could and would testify

8      competently thereto.

9      2.      I graduated from De Paul University in Chicago in 1970 with a BA degree

10     in Music Education. Beginning in 1973 I was managing restaurants in the Chicago area.

11     After managing a well known seafood restaurant in the Chicago area I was hired by

12     companies with failing restaurants to attempt to rescue and make them profitable. In this

13     regard I was involved in concept development, planning, budgeting, administration,

14     ordering, employee development and training. In short, to turn the restaurants around I

15     had to be familiar with every aspect of the business.

16     3.      From 1976 to 1978 I began managing larger scale restaurants. I completed

17     the training program for Victoria Station and was assigned to their highest grossing

18     restaurant. At the time, 1977, the restaurant had gross sales of $250,000 a month which

19     was very high for that time. I was in charge of all aspects of the restaurant including

20     managing over 100 employees. I developed strong management skills and an eye for

21     detail and organization.

22     4.      In 1978 I began law school at Southwestern University where I was number

23     24 of 500 in the first year class. I then transferred and graduated from University of

24     California, Hastings College of the Law in San Francisco in 1981. Following Hastings I

25     completed a Master of Law program at George Washington University, The National

26     Law Center in Law, in Law, Psychology and Criminology in 1982. I was admitted to the

27     California State Bar in December 1981 and have remained a member in good standing

28

8

1    since that time.    My partner, Maureen J. Shanahan also graduated from DePaul

2    University Summa Cum Laude in 1976. She began law school at Southwestern

3    University and transferred to and graduated from University of California, Hastings

4    College of the Law in San Francisco in 1981 as Order of the Coif and a member of the

5    Thurston Society both awarded to students in the top 10 percent of their class. Ms.

6    Shanahan also completed her Master of Law degree from George Washington University,

7    the National Law Center in Law, Psychology and Criminology in 1982. She was admitted

8    to the California State Bar in December 1981 and except for a one day delay in paying a

9    fine for forgetting to file her MCLE completion certificate has remained a member in

10   good standing.

11       5.       From 1983 to about 2003 my practice varied. During that time the majority

12   of my work was as an appellate attorney. Between my partner and myself we have been

13   counsel of record on over 1200 appeals, both civil and criminal. We have been lead

14   counsel on appeals in the 10th Circuit, the Fifth Circuit, the Fourth Circuit, the Federal

15   Circuit, the Court of Trade and Hawaii. I have appeared in every appellate court in the

16   State of California including as lead counsel in two death penalty cases before the

17   California Supreme Court. Over the years I have also handled a substantial amount of

18   litigation representing both plaintiffs and defendants and have represented a variety of

19   clients in transactional matters. All of this adds to my background and understanding of

20   various aspects of the law relevant to insolvency and related matters which assist my

21   representation of clients.

22       6.       I taught an appellate process class for one year at Pepperdine University

23   and more recently for the extension program at UCLA. I have also taught the bankruptcy

24   section of the paralegal program at UCLA.

25       7.       My bankruptcy experience began in approximately 2003. For about 7

26   months I spent everyday in the library learning bankruptcy law. I have actually read all

27   the volumes of Colliers on Bankruptcy. For the first two years I only participated in

28

1   Chapter 7 cases. Once I was sure of myself I began taking Chapter 13 cases and currently
2   have numerous cases pending throughout the Central District and have handled well over
3   100 chapter 13 cases, with only a small percentage dismissed prior to confirmation.

4          8.      Since I began practicing bankruptcy I have been mentored by a friend with
5   over 25 years as a bankruptcy attorney thus I have always had a close source to respond
6   to questions and brainstorm on matters in the field. This is a benefit to myself and my
7   clients.

8          9.      I have been a member of the National Association of Consumer Bankruptcy
9   Attorneys since 2004 and have attended several of the conventions which provide
10  excellent continuing education in the field of bankruptcy and have included seminars on
11  up to date changes in the law. I am a member of their list serve which is used as a
12  resource for questions, advice and new ideas in the field of bankruptcy. I also regularly
13  attend workshops, training and informational session provided by the trustees, courts etc.

14         10.     Approximately two years ago I began taking individual Chapter 11 cases
15  where debtors were over the debt limit for Chapter 13's or where the debtors had multiple
16  properties. All of our fee agreements are on a flat fee basis with fees paid by the debtor
17  or someone on behalf of the debtor prior to filing and no further billing for attorneys' fees
18  or general costs. The fee agreements provide the fees become property of the Firm upon
19  receipt. In each case we make an effort to keep the fees reasonable in light of the
20  anticipated work to be done. The flat fee agreement enables debtors to know in advance
21  the full extent of their attorneys' fees without concern that they will not be able to
22  complete their bankruptcy because they are unable to pay counsel's additional fees. It is
23  also a benefit to the estate and the creditors as the Debtor will not be subjected to
24  unknown and unanticipated excessive legal fees which could drain the estate and
25  significantly decrease the funds available to pay creditors and the ability for a
26  reorganization.

27
28

1       12.    The following is a list of 38 cases within the Central District where myself

2    and the Firm have been approved by the court as general insolvency counsel on a flat fee

3    basis:

4       a.    Cases where counsel is approved or pending approval by Judge

5    Theodor Albert in Santa Ana Division:

6       *In re Royce Brister*, Case No. 8:10-bk-16909-TA, Motion to employ

7    granted without hearing; Disclosure Statement approved, Plan confirmation scheduled;

8       *In re Mel Harold Connley and Gay Harringotn Connley*, Case No. 8:09-bk-

9    22643-TA, , Motion to employ granted at hearing, Plan confirmed November 10, 2010;

10       *In re Scott Joseph Huber*, Case No. 8:-10-bk-15375-TA, plan confirmation

11    hearing scheduled, Motion to employ granted without, Disclosure statement hearing

12    scheduled;

13       *In re Donald Simpson and Michelle Simpson*, Case No. 8:10-bk-19745-TA,

14    Plan confirmation scheduled, Motion to Employ granted without hearing, Disclosure

15    statement approved, plan confirmation scheduled;

16       *In re Ryan Todd Muugar and Shawn Bernice Mugar*, Case No. 8:10-bk-

17    27508-TA, motion to employ pending LBR 9013-1(o), no opposition and order

18    submitted,

19       *In re Martin Okpala and Mary Okpala*, Case No. 8:10-bk-25968-TA,

20    motion to employ granted without hearing, Disclosure statement approved, Plan

21    confirmation scheduled;

22       *In re Eric Dwayne Smith*, Case No. 8:20-bk-10-22075-TA, motion to

23    employ granted without hearing, Pland and Disclosure statement filed, Disclosure hearing

24    scheduled;

25       b.    Cases where counsel is approved or pending approval by Judge

26    Catherine E. Bauer, initially Judge Sheri Bluebond, in Riverside Division:

27

28

1      *In re Appelsin, Inc*, Case No. 6:09-bk-20818-CB, employment application

2  approved at hearing, Plan confirmed;

3      *In re Eric Frazier and Ruby Frazier*, Case No. 6:11-19512-CB, Motion to

4  Employ filed;

5      c.    Cases where counsel is approved or pending approval by Judge

6  Ellen Carroll, in Los Angeles and Riverside Divisions:

7      *In re Layne Ellis Gruenewald,* Case No. 6:10-bk-35876-EC, (Riverside)

8  Motion to Employ granted at hearing;

9      *In re Charles Roy Nichols and Tacy Lou Nicols*, Case No. 6:10-bk-12811-

10  EC, (Riverside) Plan filed but case dismissed on motion by Debtors, Motion to employ

11  granted at hearing;

12      *In re The Wegener Foundation,* Case No. 2:09-bk-46014-EC, (Los

13  Angeles) Plan not confirmed, case dismissed, Motion to Employ granted at hearing;

14      *In re Narsh Mehra,* Case No. 2:11-bk-18778-EC, Motion to Employ

15  pending without hearing;

16      d.    Cases where counsel is approved or pending approval by Judge Peter

17  Carroll, in Los Angeles Division:

18      *In re Luis Longoria*, Case No. 2:10-bk-54625-PC, Motion to employ

19  granted at hearing, Plan confirmed.

20      e.    Cases where counsel is approved or pending approval by Judge

21  Wayne Johnson in Riverside Division;

22      *In re Shelby Verley and Cherilyn Verley*, Case No. 6:11-20981-WJ, Motion

23  to Employ filed;

24      f.    Cases where counsel is approved or pending approval by Judge

25  Meredith Jury, in Riverside Division:

26

27

28

1        *In re Daniel Campbell and Yvette Campbell*, Case No. 08-bk-21190-MJ

2   converted from chapter 7, Motion to employ granted without hearing, Disclosure

3   statement and plan filed, joint hearing scheduled;

4        *In re Mark Steven Slattery and Pamela Slattery*, Case No. 6:09-bk-36545-

5   MJ, Motion to employ granted without hearing, Plan confirmed, Decree entered case

6   closed;

7        *In re James Zitnik and Jill Zitnik*, Case No. 6:09-bk-47771-MJ, hearing on

8   Plan confirmation scheduled, ballots in and debtors had to convert to chapter 7 due to

9   change in circumstances, Motion to employ granted at hearing;

10           g.    Cases where counsel is approved or pending approval by Judge

11  Robert Kwan, in Santa Ana Division:

12       *In re George Ifeorah*, Case No. 8:09-bk-15841-RK, case dismissed as

13  debtor unable to confirm plan, Motion to employ granted at hearing;

14       *In re Mary Vicente Ludena*, Case No. 8:09-bk-15877-RK, Motion to

15  employ granted at hearing, Plan Confirmed;

16       *In re Tiffany Haghighinia*, Case No. 8:09-bk-21400-RK, Motion to

17  employment approved fees subject to Section 330, Plan Confirmed;

18       *In re Jose Palafox and Luzette Palafox*, Case No. 8:10-bk-15385-RK,

19  converted from chapter 7, Motion to employ approved fees subject to Section 330,

20  Disclosure Statement approved, Plan confirmation hearing scheduled;

21       *In re Luis Felipe Gill*, Case No. 8:11-bk-20952-RK, Motion to employ approved

22  at hearing, fees subject to Section 330, Disclosure Statement approved, Plan confirmation

23  scheduled;

24       *In re Grace Sue Lim*, Case No. 8:10-bk-24119-RK, motion to employ pending

25  without hearing, no opposition, order submitted, Disclosure Statement and Plan filed, hearing

26  scheduled;

27           h.    Cases where counsel is approved or pending approval by Judge

28

13

1  Victoria Kaufman in San Fernando Division:

2        *In re Gizella Yaise Eman*, Case No. 1:11-bk-12797-VK, Motion to Employ

3  pending without hearing, no opposition, order submitted;

4        i.    Cases where counsel is approved or pending approval by Judge

5  Geraldine Mund, in San Fernando Division:

6        *In re Sanford Jay Simon*, Case No. 1:10-bk-14159-GM, Motion to Employ

7  granted, approved fees subject to review for reasonableness; Plan Confirmed, Final

8  Decree and Discharge entered, case closed;

9        *In re Brian Anthony Veskosky*, Case No. 1:09-bk-21368-GM, Motion to

10  employ granted, approved fees subject to review for reasonableness; Plan Confirmed,

11  Motion for Final Decree pending;

12        j.    Cases where counsel is approved or pending approval by Judge

13  Richard Neiter/Deborah Saltzman, in Riverside Division;

14        *In re Karen Lynette Cobb*, Case No. 6:09-bk-25620-DS, Motion to employ

15  granted as of 30 days prior to filing, Plan confirmed;

16        *In re Philip Alan Seddon and Cynthia Louise Seddon*, 6:09-bk-36972-DS,

17  motion to employ approved effective 3/29/10, fees and compensation approved after fee

18  application, Plan Confirmed, Motion for Final Decree and Closing Case pending;

19        *In re Sacramento Velazquez and Cristina Velasquez*, Case No. 6:09-33654-

20  DS, employment approved Judge Neiter case transferred to Judge Saltzman; Plan not

21  confirmed, awaiting court opinion, probable appeal;

22        k.    Cases where counsel is approved or pending approval by Judge

23  Erithe A. Smith, Santa Ana Division;

24        *In re Matthew Arfa*, Case No. 8:09-14526-ES, court Motion to Employ

25  granted, subject to review of fees for reasonableness, Plan Confirmed;

26

27

28

14

1    *In re Randall W. Ferneau and Roberta A. Ferneau*, Case No. 8:09-bk-
2    24610-ES, Motion to employ granted subject to review of fees for reasonableness, Plan
3    Confirmed;

4    *In re Dean Pickard*, Case No. 8:10-20943-ES, Motion to employ granted
5    subject to review of fees for reasonableness, Plan and Disclosure filed, hearing on
6    disclosure scheduled;

7    *In re Philip Pierce and Virginia Pierce*, Case No. 8:09-bk-15360-ES,
8    Motion to employ granted nunc pro tunc, Plan confirmed, Final Decree & Discharge
9    entered and case closed;

10   *In re Jack Willard Sims*, Case No. 8:10-bk-11286-ES, Motion to employ
11   granted subject to review of fees for reasonableness Plan confirmed;

12   *In re Michael Davis Waldman*, Case No. 8:11-bk-14157-ES, Motion to
13   Employ filed;

14   l.    Cases where counsel is approved or pending approval by Judge
15   Mark Wallace, Santa Ana Division;

16   *In re Ronald Villegas, Sr. and Margaret Villegas*, Case No. 8:11-bk-12113-
17   MW, Motion to Employ pending without hearing, no opposition, order submitted;

18   m.    Cases where counsel is approved or pending approval by Judge
19   Vincent Zurzolo, Los Angeles Division;

20   *In re Scuderia Investments, LLC*, Case No. 2:09-16135-VZ, Motion to
21   employ granted without hearing Case dismissed after relief from stay granted on single
22   asset.

23   13.    I am currently counsel of record in the 20 chapter 11 cases still pending in
24   the above list. Disclosure statements and plans have been filed in a number of cases with
25   hearings set. In addition to the pending cases, I have fifteen (15) cases in the last 2 years
26   where plans have been confirmed. Two of those cases are discharged and decrees have
27   been entered in three others. I anticipate being able to confirm in most of the other cases
28

1   since we have already negotiated acceptable terms with at least one class in each case. In
2   some cases more than one class has indicated they would vote for the plan.

3       14.     In addition to my legal background, I believe my background in the
4   restaurant business and trying to reorganize the particular business has given me a good
5   sense of what it takes to reorganize on individual and business basis. Thus I am able to
6   consider the practical business aspects of a situation as well as the legal ramifications.

7       15.     Because of my partner and my appellate experience, and the fact we have
8   rarely billed hourly for our work, we have decided to keep our fees low for these Chapter
9   11 cases and work on a flat fee basis. Our fees have ranged from $4,000 to $25,000 with
10  the higher amounts only used for debtors with multiple properties or where it is
11  anticipated there will be extensive additional work. We currently have two debtors with
12  13 properties which required 13 motions to value. Despite the increased work we do no
13  post petition billing. There are many individuals who do not qualify for a chapter 13 but
14  would best be served by a reorganization rather than a chapter 7 liquidation. One of the
15  main problems these individuals face is the need to budget for attorneys' fees and the
16  potential for extensive attorneys' fees in a chapter 11 which might ultimately make a plan
17  infeasible. Once we set the flat fee, which includes the filing fee, there are no more
18  charges to our clients for legal fees no matter what work has to be completed. In one
19  respect the court should note that a flat fee avoids a substantial amount of work and court
20  appearances as counsel has to make repeated motions and appearances for approval of
21  fees. This alone saves the clients a significant amount which might be spent on record
22  keeping and billing.

23      16.     I also believe that my extensive appellate background is a benefit to clients
24  as I am well versed in research and drafting arguments.

25      17.     My investigation of "disinterestedness" as the term is defined in section
26  101(14) of the Bankruptcy Code prior to submitting this statement consisted of a review
27  of my list of current and past clients and contacts. As a result, I can attest:

28

                                          16

1           a.      I have no contact with Debtor's creditors or any other parties in
2    interest or their attorneys and accountants.

3           b.      Other than representation in this case, neither myself nor the Firm
4    have prior connections with Debtor, Debtor's creditors or any other parties in interest or
5    their attorneys and/or accountants. It is possible that we may have been adversaries to
6    some of the debtor's creditors and/or the attorneys who may ultimately represent them.

7           c.      Neither myself nor the Firm represents or holds any interest in
8    debtor's bankruptcy estate and does not represent any other individual or entity having an
9    adverse interest to Debtor in connection with this bankruptcy case.

10          d.      Neither myself nor the Firm are creditors, equity security holders or
11   an insider of the Debtor.

12          e.      Neither myself nor anyone in the Firm is or was not an investment
13   banker for any outstanding security of the Debtor.

14          f.      Neither myself nor anyone in the Firm has ever been an investment
15   banker for a security of the Debtor, or an attorney for such investment banker in
16   connection with the offer, sale or issuance of any security of the Debtor.

17          g.      Neither myself nor anyone in the Firm has been a director, officer or
18   employee of the Debtor or any security of Debtor within the two years before the date of
19   filing of the petition herein.

20          h.      Neither myself nor anyone in the Firm holds or represents any
21   interests materially adverse to the estate or of any class of creditors or equity security
22   holder, by reason of any direct or indirect relationship to, connection with or interest in,
23   the Debtor or an investment for any security interest of the Debtor, or for any other
24   reason.

25          i.      Neither myself nor anyone in the Firm is a relative or employee if the
26   United States Trustee or a Bankruptcy Judge.

27          j.      This statement of disinterestedness is prepared by:

28

                                          17

1                           Michael R. Totaro

2                           State Bar No. 102229

3                           Totaro & Shanahan

4                           P.O. Box 789

5                           Pacific Palisades, CA 90272

6                           (310) 573-0276

7  on behalf of myself and as a principal of the Firm.

8          k.     After conducting the investigation described herein, I am therefore

9  informed and believe that myself and the Firm are disinterested as that term is defined in

10  11 U.S.C. section 101(14).

11     18.    In light of the foregoing I do not believe there is any conflict in the Firm's

12  representation of Debtor.

13     19.    At the time of signing the fee agreement in this case, the Firm received a

14  one time payment of $16,000.00 from Debtor's managing member and his family for

15  services and costs in relation to the chapter 11 bankruptcy case. The agreement provides

16  for payment of this flat fee to cover all services pertaining to representation of Debtor in

17  the chapter 11 case except for representation of an adversary proceedings against Debtor

18  based on fraud. My partner and I are accustomed to working on a flat fee basis and in the

19  bankruptcy context this relieves us of filing several motions to obtain approval of

20  payment of fees. We just do the work and don't worry about how long something takes.

21  Handling the fees in a chapter 11 case in this manner is a means to making the procedure

22  more affordable to individuals who for some reason are not able to file chapter 7 or 13

23  cases but could not afford the unpredictability of fees in a chapter 11 case. In most of the

24  cases we handle in a chapter 11 they involve either individual debtor who are over the

25  debt limits for a chapter 13 reorganization or have multiple properties which some of the

26  courts are treating as a small business.

27

28

1        20.    Although we work on a flat fee bass for these chapter 11 cases, in matters
2  where we bill a client, both my partner and I bill at the rate of \$400/hour which is below
3  the standard rate in the community for attorneys with our background and 30 years of
4  experience. It is not unusual for partners in firms in our community to bill at the rate of
5  \$600.hour. We just recently raised our rate from \$350/hours as we had not raised the
6  rates for a couple of years. It has always been our goal to try and keep our rates
7  affordable for the average clients.

8        21.    The average chapter 11 case involves a minimum of between 5 and seven
9  appearances either before the US Trustee's office or the court, including the IDI, the 341
10  meeting of creditors, at least one status conference, a hearing on a disclosure statement
11  and a confirmation hearing, with probable hearings on motions to value and depending on
12  the secured creditor possible motions for relief from stay. Since our office is in Pacific
13  Palisades, each court appearance in Santa Barbara involves a minimum of 5 hours of our
14  time. This would leave only \$5000.00 of the fee or twelve additional hours for
15  preparation of the petition and schedules, preparation of the disclosure statement and
16  plan, responding to motions for relief from stay, preparing motions to value, reviewing
17  proof of claims and filing objections where necessary, negations with creditors,
18  reviewing or preparing stipulations and orders from every hearing as well as reviewing
19  MORs and keeping debtors apprised of matters, and offering guidance and advise
20  throughout the course of the case. In addition, I travel to my clients and that itself adds
21  several hours. Thus, if we were to bill on an hourly basis the fees would be significantly
22  greater. I am however aware of the particular financial situations of my clients and few if
23  any have funds to pay large retainers and/or to make future payments to counsel. We
24  have chosen to work on this reduced basis because we feel a need at this time to provide a
25  service to those whose only option is a chapter 11. In addition, I have found that this
26  produces a lot of good will and our clients are very appreciative of our willingness to
27  keep fees affordable and as a result they are likely to refer friends, co-workers or families

28

1  who may file only chapter 7s or 13s where the compensation is more closely related to

2  the amount of work. Lastly, I enjoy handling chapter 11 cases as there is a greater

3  challenge, more legal work and a greater feeling of satisfaction in helping clients. I do not

4  recall a single client in a chapter 11 case who has complained about the amount of the

5  fees or the result.

6        22.    My partner Maureen J. Shanahan and myself are familiar with the

7  Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local bankruptcy

8  Rules for the Central District of California and shall comply with them.

9        22.    Prior to filing the petition in this case I have spent many hours reviewing

10  Debtor's situation and discussing its financial situation and options for protecting its

11  interests and assets. We have discussed all of the requirements for filing a chapter 11 case

12  and have prepared the petitions and schedules in this matter and begun assisting Debtor in

13  the preparation of the 7 day packet required by the Office of the United States Trustee.

14        I declare under penalty of perjury that the foregoing is true and correct. Executed

15  on April 11, 2011 at Los Angeles, CA.

16

17

18

19                                               Michael R. Totaro

20

21

22

23

24

25

26

27

28

1

2  | In re  Cloud 9 Vineyards, LLC | CHAPTER 11 |
                                    Debtors.

3  | | CASE NUMBER 9:11-bk-11597-RR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: P.O. Box 789, Pacific Palisades, CA 90272

A true and correct copy of the foregoing document described "Notice of Motion Under LBR 9013-1(o) and Motion By Debtor And Debtor In Possession To Employ Law Offices Of Totaro & Shanahan As General Insolvency Counsel;  Declarations In Support Thereof " will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 11, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On May 13, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Robin L. Riblet, United States Bankruptcy Judge,1415 State Street/Courtroom 201, Santa Barbara, CA 93101-2511

Cloud 9 Vineyards, LLC., Joseph Risi, PO Box 8270, Scottsdale, AZ 85252
☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

May 13,, 2011        Maureen J. Shanahan

| Date | Type Name | Signature |
|------|-----------|-----------|

Service List Cloud 9 Vineyards, LLC

**BANK OF AMERICA**
NC4-105-02-99
P.O. BOX 26012
GREENSBORO, NC 27410

**BANK OF AMERICA, NA**
FARMINGTON-LOAN SERVICING
CC2 -515-BB-11
70 BATTERSON PARK RD.
FARMINGTON, CT 06032

**COUNTY OF SANTA BARBARA TAX**
TREASURER-TAX COLLECTOR'S OFFICE
105 E. ANAPAMU S. RM 109
SANTA BARBARA, CA 93101